JEAN BURNS SPENCER, PLAINTIFF-APPELLANT, v. RULIF
CRAWFORD, ADMINISTRATOR OF THE ESTATE OF
GEORGE CRAWFORD, DEFENDANT-RESPONDENT.

Argued October 24, 1934—Decided January 10, 1935.

For the appellant *Runyon Colie.*

For the respondent, *Joseph Coult.*

The opinion of the court was delivered by

KAYS, J.   This is an appeal from a judgment entered in
the New Jersey Supreme Court in favor of the defendant.
The case came before the judge, sitting as a Supreme Court
commissioner, on a motion to strike out certain portions of
the answer which set up estoppel as a defense, on the ground
that the case was *res judicata* by reason of a previous judg-
ment entered against the defendant which grew out of the
same circumstances as were involved in the present case.

The facts in the case appear to be that on July 9th, 1932,
a collision occurred in Monmouth county between an auto-
mobile driven by the plaintiff, who is the appellant here, and
an automobile driven by George Crawford, of whose estate
Rulif Crawford is now the administrator.   In the car driven
by George Crawford was a passenger, Alex L. McClees.   All
three persons were injured in the accident.   Jean Spencer

brought suit against George Crawford in the Supreme Court. George Crawford died on August 1st, 1932. In September, 1932, Alex L. McClees, the passenger in the Crawford car brought suit against Jean Spencer in the Supreme Court. In March, 1933, Rulif Crawford, as administrator *ad prosequendum* of George Crawford, brought suit against Jean Spencer in the Supreme Court. In the last mentioned two suits the venue was laid in Monmouth county. In the first suit the venue was laid in the county of Essex. By a stipulation the Monmouth county cases were consolidated for the purposes of trial and tried in December, 1933. The result of the trial in Monmouth county was a judgment in favor of McClees and against Jean Spencer for the sum of $750 and a judgment in favor of Jean Spencer against Rulif Crawford, administrator. It appears that when the jury announced its verdict at the trial in Monmouth county the forewoman of the jury said: "We find there was joint negligence and award damages to the amount of seven hundred and fifty dollars ($750) to Mr. McClees." Upon this announcement by the forewoman of the jury the trial judge asked the following questions: "You mean that you find that in the case of Rulif Crawford, General Administrator, and Administrator *ad Prosequendum* of the Estate of George Crawford, deceased, the plaintiff therein is entitled to no verdict?" Upon the judge asking this question the forewoman of the jury replied in the affirmative. The judge thereupon moulded the verdict as follows: "No cause for action." This verdict as moulded by the court was pleaded by the defendant by way of an amendment to the answer allowed by the court in the case of Spencer *v.* Crawford *ad prosequendum,* &c. (which case was pending in the Essex Circuit of the Supreme Court) as an estoppel on the ground that the former verdict was *res judicata.* It appears that in the case at the Monmouth Circuit Mrs. Spencer was charged with negligence by Crawford and Mrs. Spencer in her answer charged Crawford with contributory negligence.

The trial judge in the present case, on the motion to strike out the answer, denied the motion and ordered that judgment

be entered in favor of the defendant under rule 40 of the Supreme Court on the ground that the Monmouth county judgment was dispositive of the whole case.

Much is said in the brief of appellant's counsel in respect to the effect of pleading contributory negligence by Mrs. Spencer in the Monmouth county suit. It is urged that such pleading does not bar Mrs. Spencer from her suit in the Essex Circuit. We think it is not necessary to discuss this question in respect to the first announcement made by the forewoman of the jury. The record discloses that when the court moulded the verdict to a verdict of no cause for action with the assent of the jury it became in effect a withdrawal by the jurors of any finding based on contributory negligence. As the record stood as moulded by the court and agreed upon by the jury the verdict was "no cause for action." This being so the plea of *res judicata* was not good for the reason that it was not determined by the suit in the Monmouth county circuit that the plaintiff in the suit now before us was guilty of contributory negligence.

The judgment under review is, therefore, reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.